IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SYSTEMS,<br><br>    Plaintiff,<br><br>vs.<br><br>RAILSERVE EMPLOYEE BENEFITS PLAN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:06-CV-588 TS |

I. INTRODUCTION

IHC Health Systems d/b/a LDS Hospital (IHC) brings this action under ERISA[1] to recover approximately $40,000 from Railserve Employee Benefits Plan (Railserve) for medical services rendered to Joseph Jeppesen, a Plan beneficiary.  Railserve moves for summary judgment, on the ground that IHC lacks standing to maintain the claim and that the undisputed facts show that its denial of the claim was not arbitrary and capricious.

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

Because IHC lacks standing to bring this action the Court will grant Railserve's Motion for Summary Judgment.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Jeppesen, an employee of Railserve, was a participant in and beneficiary of its ERISA qualified benefit Plan. Railserve administers, among other things, medical benefits for Plan members.

On or about July 22, 2002, Jeppesen was injured in an ATV accident when he drove his four-wheeler off a cliff, falling 20-40 feet. He was initially transported to and treated at a hospital in Evanston, Wyoming, then life-flighted to LDS Hospital in Salt Lake City, Utah where he remained and was treated until August 1, 2002. The total medical bills for Mr. Jeppesen's treatment at LDS Hospital exceeded $47,000, of which approximately $7,000 were paid to the hospital by Railserve, after which coverage for the incident was denied.

Railserve based its denial primarily on a Plan exclusion related to accidents and incidents caused by voluntary use/consumption of illegal substances.

## III.   DISCUSSION

A.   Standards of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[2]

---

[2] Fed. R. Civ. P. 56(c).

A challenged denial of benefits under ERISA is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case an "arbitrary and capricious" standard is applied by the court.[3]

Despite an administrator's discretionary authority, if there is "an inherent or proven conflict of interest or there is a serious procedural irregularity in the administrative process, it is necessary to adjust the standard of review."[4]

> Effectively, this court has crafted a "sliding scale approach" where the "reviewing court will always apply an arbitrary and capricious standard, but the court must decrease the level of deference given . . . in proportion to the seriousness of the conflict."  If a plaintiff can prove a serious conflict of interest or the existence of a serious procedural irregularity, then the burden shifts to the plan administrator to prove the reasonableness of its decision under the arbitrary and capricious standard.  When the burden shifts in this manner, the plan administrator "must demonstrate that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence."  "The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest."[5]

IHC asserts the existence of an "inherent conflict" in the instant case, which, if true, would result in an "arbitrary and capricious" presumption and a requirement that Railserve justify its decisions by substantial evidence.

---

[3]*Miller v. Monumental Life Ins. Co.*, __ F.3d __,  2007 WL 2774252, *3 (10th Cir. September 25, 2007) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)).

[4]*Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co.*, 491 F.3d 1180, 1190 (10th Cir. 2007).

[5]*Id*. (quoting *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825-26 (10th Cir. 1996) and *Fought v. UNUM Life Ins. Co.*, 379 F.3d 997, 1006 (10th Cir. 2004)).

The authority IHC cites, however, applies in large measure to benefit plans in which the plan administrator is also an insurance company.[6] Railserve, Inc., though it administers the Plan and is the Plan and is the Plan's sponsor, is not an insurance company, so if there is any conflict of interest, it must be proved by other means. Relevant but non-exclusive factors include "whether: (1) the plan is self-funded; (2) the company funding the plan appointed and compensated the plan administrator; (3) the plan administrator's performance reviews or level of compensation were linked to the denial of benefits; and (4) the provision of benefits had a significant economic impact on the company administering the plan."[7]

IHC has not alleged with particularity any of these factors, nor has it presented any such specific evidence. Accordingly, the Court finds that the "arbitrary and capricious" standard applies to the administrator's decision to deny coverage to IHC and Jeppesen, with no decreased deference.

B.  Summary Judgment

Railserve asserts two grounds for summary judgment. The first is that IHC lacks standing to bring suit under ERISA because there was no valid assignment of benefits and because the Plan contained an anti-assignment clause (making any purported assignment

---

[6]*E.g. Fought*, 379 F.3d at 1006-07. *See also Pitman v. Blue Cross Blue Shield*, 217 F.3d 1291, 1296, n. 4 (10th Cir. 2000) (describing an inherent conflict of interest—Blue Cross was both an insurer and a plan administrator, a situation unlike the instant case, where Railserve, Inc., though the plan administrator, is not also the insurer).

[7]*Pitman*, 217 F.3d at 1296 (quoting *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1291 (10th Cir. 1999)).

invalid). Second, the Plan argues that the Plan administrator's decision to deny benefits was reasonable and is supported by the administrative record.

In response to the standing argument, IHC asserts the existence of a valid assignment of benefits and makes a case against enforcement of the Anti-Assignment clause of the Plan, citing both legal and policy arguments (including that the Plan waived the Anti-Assignment clause by failing to assert it during administrative proceedings).

IHC's second argument regards the burden of proof. IHC argues that the Plan bears the burden to establish that the decision to deny coverage was both reasonable and supported by substantial evidence, rather than IHC's burden to establish that the Plan's decision was arbitrary and capricious. IHC asserts that under this evidentiary burden, Railserve's motion must fail.

IHC's Memorandum in Opposition to summary judgment asserts that there are only two disputed facts.[8] The first asserts that Mr. Jeppesen had no notice of the Plan's anti-Assignment clause when he executed the assignment of benefits. The second admits that Mr. Jeppesen's drug screen tested positive for certain substances, but argues that there is no basis upon which to claim that the screening test resulted in a finding of "high levels" of the substances. Accordingly, all other facts set forth by Railserve are deemed admitted.[9] The Court finds that neither of the disputed facts precludes summary judgment for the following reason.

---

[8] *See* DUCivR 56-1(c) (requirements for specifying disputed material facts).

[9] *Id.*

C.    No Standing

ERISA's section 1132(a)(1) authorizes civil actions to be brought by "a participant or beneficiary."[10]  IHC is neither a participant in the Plan nor a beneficiary of the Plan, so any claim to relief would necessarily be based upon its claimed status as a valid assignee of a participant or beneficiary.

Though IHC asserts otherwise, the Plan's argument against standing (the validity of an anti-assignment clause of an ERISA plan) is an accurate statement of the controlling law as set forth in *St. Francis Regional Medical Center v. Blue Cross and Blue Shield of Kansas*.[11] In that case, the Tenth Circuit stated: "We . . . conclude that ERISA's silence on the issue of the assignability of insurance benefits leaves the matter to the agreement of the contracting parties."[12]  This ruling is in accordance with the majority of federal courts.[13] It is undisputed that the Plan contains anti-assignment language, and that Railserve never consented to an assignment of benefits between IHC and Jeppesen. Under *St. Francis*, the anti-assignment clause is valid to preclude an assignment of benefits.  As in *St. Francis*, the anti-assignment clause precludes IHC's maintenance of this ERISA action.

---

[10] 29 U.S.C. § 1132(a)(1).

[11] 49 F.3d 1460 (10th Cir. 1995).

[12] *Id.* at 1465.

[13] *See Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.* 371 F.3d 1291, 1295 (11th Cir. 2004) (collecting and following the majority of federal courts that have concluded that an assignment is ineffectual if the ERISA plan contains an unambiguous anti-assignment provision).

IHC argues that enforcement of the anti-assignment clause goes against public policy and various contrary authority.[14] Nonetheless, *St. Francis* is binding authority on this Court.

IHC also argues that the anti-alienation clause is not enforceable because Railserve waived enforcement of the anti-assignment clause by failing to assert it as grounds for denial during the initial processing of the claim.  Railserve rightly points out that the only signed (and therefore arguably valid) assignment of benefits was executed on July 12, 2006, long after the claim itself had been processed and denied, and immediately before commencement of the litigation at issue in this case.  The anti-assignment clause could not have come into play prior to any purported assignment, so failure to assert it during the claims process cannot be valid grounds for implying a waiver of the provision.

## IV.  CONCLUSION AND ORDER

The anti-assignment clause in the Plan is valid and precludes the assignment upon which IHC relies.  Because IHC lack standing to maintain this ERISA action, the Court need not address the parties' other arguments.   It is therefore

ORDERED that Railserve's Motion for Summary Judgment (Docket No. 16) is GRANTED and judgment shall enter in favor of Railserve.  It is further

---

[14] *E.g. Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988).

7

ORDERED that the final pretrial and trial dates are stricken and this case may be closed forthwith.

DATED  October 19, 2007.

                    BY THE COURT:

                    _____
                    TED STEWART
                    United States District Judge